

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2009

# Murtijanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Murtijanto v. Atty Gen USA" (2009). *2009 Decisions*. Paper 2064.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2064

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3120
_____

BANGSAWAN BAYUAJI MURTIJANTO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-203-999)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2009

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: January 08, 2009 )

_____

OPINION
_____

PER CURIAM

Bangsawan Bayuaji Murtijanto petitions for review of an order of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order of

removal. For the reasons that follow, we will deny his petition.

Murtijanto is a native and citizen of Indonesia and identifies himself as a member of the Aceh ethnicity. He entered the United States as a non-immigrant visitor and overstayed his visa. After he was placed in removal proceedings, he applied for asylum, withholding of removal, and relief under the Convention Against Torture.

The IJ denied all relief save Murtijanto's request for voluntary departure, holding that his asylum application was time-barred and that he could not satisfy the standard for withholding of removal or CAT relief. The BIA agreed, affirming the IJ's determination that petitioner's asylum claim was time-barred and that he was unable to satisfy the changed circumstances or extraordinary circumstances exceptions. The BIA further determined that petitioner's credible testimony did not establish past persecution, a clear probability of future persecution, or eligibility for protection under the CAT. Through counsel, Murtijanto filed a petition for review. The Government opposes the petition.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. We review the BIA's factual findings for "substantial evidence." See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Under this standard, we will uphold these findings unless the evidence not only supports a contrary conclusion, but compels it. See id.

In the briefing on his petition for review, Murtijanto challenges only the determination that he was not entitled to withholding of removal. To be entitled to withholding of removal to a specific country, an applicant must prove that it is more

2

likely than not that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). In the event that the applicant cannot demonstrate past persecution or a likelihood of future individualized persecution, he may still be eligible for withholding of removal by demonstrating "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a protected ground. See 8 C.F.R. § 208.16(b)(2).

We agree with the BIA that Murtijanto did not demonstrate past persecution or that he would more likely than not suffer future persecution if returned to Indonesia. In support of his application, Murtijanto testified that his father, who is also Aceh, owned a café in Jakarta, where government authorities would on occasion come to look for and/or question other members of the Aceh movement. In February 2001, Murtijanto and his father were detained for four days and questioned about people in the Aceh movement. Murtijanto further testified that after their release, five people, presumably from the Aceh movement, came to their house and asked for money or donations. When they refused, he and his family received threats, and accordingly, in August 2001, moved to the NTB Island near Bali. At that time, Murtijanto was sent to live in the United States. Murtijanto testified that his parents moved back to Jakarta in 2005 and opened another restaurant, and that since then, they have not been threatened or encountered any other

3

problems. The IJ found that, while his testimony was credible, the incidents related by Murtijanto were not sufficiently severe and extreme to constitute past persecution, and that there was no evidence in the record to suggest that Murtijanto might be singled out for future persecution if he and his wife were to return to Indonesia.

As we cannot conclude that the evidence compels a contrary conclusion, we will deny the petition for review.